UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| RICARDO GUTIERREZ SOTO,<br>Petitioner,<br>v.<br>F. A. JOHNSON,<br>Respondent. | No. 5:26-cv-06039-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**PROCEEDINGS**

On October 9, 2026, the Court received from Ricardo Gutierrez Soto ("Petitioner"), then proceeding pro se, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities and seeking release from custody. Dkt. 1 ("Petition" or "Pet."). On October 20, 2026, Respondent filed an Answer with exhibits opposing release, arguing Petitioner's "recourse is a bond hearing" before an immigration judge under 8 U.S.C. § 1226(a). Dkt. 10 ("Ans.") at 1. On October 26, 2026, the Ventura County Public Defender made an appearance on Petitioner's behalf. Dkt. 12. Petitioner, through counsel, filed a Reply on October 27, 2026. Dkt. 13.

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a citizen of Mexico. Pet. at 2 (CM/ECF pagination); Dkt. 10-2 ("Form I-213") at 3. It appears he entered the United States without inspection around 1991. Form I-213 at 3. In 2012, he was convicted of disorderly conduct: under the influence of a drug, though the conviction granted conviction relief. Id. In 2013, Petitioner applied for Consideration of Deferred Action for Childhood Arrivals ("DACA"), which was approved on July 17, 2014. He later applied for Register Permanent Residence or Adjust Status, which was denied on August 1, 2016. Petitioner's DACA status was renewed several times, until it lapsed on May 7, 2026. Id.; Pet. at 6.

On September 9, 2026, Petitioner was arrested by the Oxnard Police Department for being under the influence of a controlled substance. Form I-213 at 4. Pursuant to a "targeted field operation," Immigration and Customs Enforcement ("ICE") arrested Petitioner upon release from jail. Pet. at 2; Form I-213 at 2-3. The same day, Petitioner was served with a warrant for arrest of alien (I-200) and Notice to Appear, commencing removal proceedings. Dkt. 10-3; Dkt. 10-4. Petitioner's removal proceedings are ongoing and he has not received a bond hearing. Pet. at 2, 5.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas

challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the Petition, Petitioner seeks release because (1) he is a DACA recipient; (2) he cares for his disabled mother; (3) he is chronically ill requiring medical care outside detention; and (4) he is a notary public and cannot fulfill his duties while detained. In his Reply, Petitioner argues that his arrest and detention violate the Fourth and Fifth Amendments and 8 U.S.C. §§ 1226(a), 1357. For the reasons discussed below, the Court finds Petitioner is entitled to a bond redetermination hearing, but he is not entitled to immediate release.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In considering alleged due process violations, the Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335. This is a "flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022).

District courts have "overwhelmingly found" noncitizens with active DACA status have a protected liberty interest. Villa Cambron v. Johnson, 2026 WL 2584950, at *5 (C.D. Cal. Sept. 1, 2026). "Even where a noncitizen's DACA status has expired, their liberty interest does not necessarily expire as well." Id. The situation of a noncitizen granted DACA status has been analogized to the situation of a noncitizen who has been encountered and released on supervision. See Ramirez Villagomez v. Hernandez, 2026 WL 2606484, at *3 (W.D. Wash. Sept. 3, 2026) (citing Perez Flores v. Warden, 2026 WL 2532099, at *2 (E.D. Cal. Aug. 27, 2026)). "This is because DACA requires a robust showing regarding lack of flight risk or danger to the community, which in essence, is the same determination made by immigration officials under § 1226(a)." Perez Flores, 2026 WL 2532099, at *2. Here, Petitioner had been living in the United States with DACA status for almost 12 years. At the same time, Petitioner's DACA status expired four months before his arrest and has not been renewed. Petitioner does not claim he was lawfully in the United States at the time of his arrest. Considering the Mathews factors, the Court assumes a cognizable liberty interest existed at the time of Petitioner's detention on September 9, 2026.

The second Mathews factor considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. In the analogous context, the Department of Homeland Security may revoke a bond or parole issued pending a removal decision when there is a material change in circumstances. See Perez Flores, 2026 WL 2532099, at *3. Petitioner was arrested immediately after being released from county jail, having been arrested for being under the influence of a controlled substance. Respondent argues that this charge "favors a hearing over release because it bears on flight risk and/or dangerousness for the immigration judge to weigh

in applying the bond factors." Ans. at 2. But, to date, no such bond hearing has been conducted at which the government and Petitioner would have an opportunity to determine whether Petitioner's recent arrest forms a valid basis for his detention and nothing in the record reflects that Petitioner was advised of a right to request a bond hearing or advised how to request such a hearing. See Pet. at 4-5. In such circumstances, there is a risk of erroneous deprivation of Petitioner's liberty interest absent such a hearing.

Finally, while the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz, 53 F.4th at 1208), Respondent's interest in detaining Petitioner without a hearing is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Weighing the Mathews factors based on the existing record, Petitioner's detention without immigration officials providing him a prompt custody redetermination hearing (or advising him of his right to such a hearing and explaining how such a hearing may be requested) violated Petitioner's right to due process. Although Petitioner requests release from custody, the Court finds on the facts here, immediate release via a habeas petition is not warranted. Considering the pending charge and given that Petitioner's DACA status expired, it is not clear whether Petitioner would still be eligible for DACA. Given the potential change in circumstance, the Court concludes a post-deprivation bond hearing is the appropriate remedy in this case.

Petitioner's remaining claims do not warrant further relief. As to Petitioner's claims regarding his medical issues, job duties, and responsibility to care for his mother, while the Court is sympathetic to these concerns, the record does not establish that the extraordinary remedy of immediate judicial release from immigration custody is warranted. Petitioner has not shown

release on these bases may be properly pursued by means of a petition for writ of habeas corpus.

Lastly, Petitioner is not entitled to immediate release from custody based on his argument that he was arrested without a properly executed warrant or Notice to Appear and pre-deprivation process. As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. Rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). As such, on the unique facts here, "to the extent that petitioner seeks [his] release from custody based on the allegedly unlawful arrest, there is no basis for the court to grant such relief." See Marroquin Salazar v. Noem, Case No. 5:25-cv-02367-FLA-JC (C.D. Cal.), Dkt. 10 at 20-21 (collecting cases), accepted by 2025 WL 3535050, at *1 (C.D. Cal. Dec. 8, 2025); Lameda Rodriguez v. Semaia, 2026 WL 2221648, at *4 (C.D. Cal. July 30, 2026) (denying Fourth Amendment claim); Mendez v. Sec'y of Homeland Sec., 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026) (finding petitioner was not entitled to release based on any alleged defect in the arrest process).

For the foregoing reasons, the Petition is granted, in part, with Respondent ordered to provide Petitioner a bond hearing before an immigration judge within seven days, but is denied in all other respects as unsupported and/or moot.

/ / /

**IV.**

**ORDER**

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, and ORDERING Respondent to

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **<u>Petitioner Ricardo Gutierrez Soto (A# 075 502 436)</u>** within seven (7) days of this Order, <u>with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision</u>; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to reasonably assure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for relief with prejudice.

Dated: October 29, 2026____

JOHN D. EARLY
United States Magistrate Judge